IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                ORDER

       Petitioner,

                08-cv-669-slc[1]

  v.

DEBRA BARTH of Columbus, WI,

       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                ORDER

       Petitioner,

                08-cv-685-slc

  v.

DANE COUNTY JAIL STAFF,
DANE COUNTY ADMINISTRATOR,
DEPUTY ZEIGLER, DEPUTY MAICKE,
DEPUTY JOEL, DEPUTY WILSON and
ALL DEPUTY SHERIFFS OF THE DANE
COUNTY ADMINISTRATION/JAIL STAFF,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                ORDER

---

[1] As stated in previous orders in these cases, the cases were assigned to Magistrate Judge Stephen Crocker. Because the parties have not consented to his jurisdiction, I have assumed jurisdiction over the case for the purpose of issuing this order.

       Petitioner,

                   08-cv-689-slc

  v.

AGENT DANIEL ROBINSON,
MPD BENISH, TIM HAMMOND,
DCTF JOHN DOE and MPD JOHN DOE,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                   ORDER

       Petitioner,

                   08-cv-698-slc

  v.

FITCHBURG POLICE DEPARTMENT;
DISTRICT ATTORNEY DOMESTIC DIVISION;
DENISE MILLER; Unit Supervisor RAISBECK;
and MARLYS HOWE,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                   ORDER

       Petitioner,

                   08-cv-699-slc

  v.

ERIC, Manager of Anchor Bank;
ANCHOR BANK OF WEST-TOWNE CORPORATE;
ANCHOR BANK WEST-TOWNE, OWNER; and
ANCHOR BANK CORPORATE,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                Petitioner,

      v.

WAUNAKEE POLICE,
See Case No. 2007CM003101,

                Respondent.

ORDER

08-cv-703-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                Petitioner,

      v.

MADISON POLICE DEPARTMENT,
STATE OF WISCONSIN,
MPO KATHYRN PETERSON,
MPO CINDY THEINBUSEN,
MPOD JEFF TWING,
ADA JOSEPH E. MIMIER and
MARYL HAVE,

                Respondents.

ORDER

08-cv-727-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                Petitioner,

      v.

DAVID J. MAHONEY, KENNETH MCNEAL,

ORDER

08-cv-746-slc

3

S. KOWALSI and DOCTOR ALI,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

        Petitioner,

    v.

JOSEPH E. MIMIER, MARLYS HOWE
and KENNETH MCNEIL,

        Respondents.

ORDER

08-cv-749-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Edward Grant, a prisoner at the Dodge Correctional Institution in Waupun, Wisconsin, filed proposed complaints for money damages in the nine actions captioned above. He asked for leave to proceed in forma pauperis and was assessed an initial partial payment in each case. He paid the initial partial payments in three of these cases, case nos. 08-cv-669-slc, 08-cv-685-slc and 08-cv-689-slc. I denied petitioner leave to proceed in forma pauperis in each of those cases because his complaints failed to state claims upon which relief could be granted. Grant v. Barth, 08-cv-669-slc, decided January 8, 2008; Grant v. Robinson, 08-cv-689-slc, decided January 9, 2008; and Grant v. Zeigler, 08-685-slc, decided January 15, 2008. On January 16, 2009, I denied petitioner's requests for leave to proceed in forma pauperis in the remaining six actions captioned above because he no longer qualified for in forma pauperis status under 28 U.S.C. § 1915(g) in light of the strikes he received in case

nos. 08-cv-669-slc, 08-cv-685-slc and 08-cv-689-slc. Now petitioner has filed a notice of appeal in each of these nine cases. Because he has not paid the $455 fee for filing an appeal in any of these cases, I construe his notice to include a request for leave to proceed in forma pauperis in each case.

Unfortunately for petitioner, I conclude that he is not eligible to proceed on appeal in forma pauperis in any of his cases because he has struck out under 28 U.S.C. § 1915(g). With his accumulation of three strikes, so long as petitioner is incarcerated he cannot bring any new lawsuit or appeal without prepaying the filing fee unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). As has been stated in previous orders in each of these cases, petitioner has not made the required showing of imminent danger of a serious physical injury. Therefore, he cannot take advantage of the initial partial payment provision of § 1915. He owes the $455 fee in each case in full immediately. He may delay payment for two reasons only: 1) his complete destitution; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on his appeals because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny petitioner's requests for leave to proceed in forma pauperis because of his three-strike status, then it will remand the matter to this court for a determination whether petitioner's appeals are taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars petitioner from taking his appeals in forma pauperis, the $455

filing fee payments will be due in full immediately. Whatever the scenario, petitioner is responsible for insuring that the required sums are remitted to the court at the appropriate time. Also, whether the court of appeals allows petitioner to pay the fees in installments or agrees with this court that he owes them immediately, petitioner's obligation to pay the $455 appeal filing fee in each case will be entered into this court's financial records so that the fees may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that petitioner's requests for leave to proceed in forma pauperis on appeal in each of the above-captioned cases are DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g). Further, IT IS ORDERED that the clerk of court insure that petitioner's obligation to pay the $455 fee in each case is reflected in this court's financial records.

Entered this 10th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge