IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,

  v.                                                ORDER

DEBRA BARTH,                              08-cv-669-slc[1]

                Defendant.

---

Plaintiff James Edward Grant brought this lawsuit alleging that private citizen Debra Barth violated his constitutional rights and assorted state laws by telling police and jail officials that Grant was stalking and harassing her daughter and that he was "providing sex and drugs to women for a place to live." The court dismissed the case over ten years ago, concluding that there was no basis to infer that Barth was acting "under color of law" such that Grant could bring federal claims under 42 U.S.C. § 1983 against her. Dkt. 15. The court dismissed Grant's proposed state-law claims because he brought no plausible federal claims and there was no reason to think that the court could exercise diversity jurisdiction over the case.

Grant has now filed a document titled in part "Motion to Rescind and or Modify," Dkt. 25, that I construe as a motion for relief from judgment under Federal Rule of Civil Procedure 60. Grant states that Barth continues to harass him and notes that in 2017 he was criminally charged with violating a state-court restraining order barring Grant from contacting her.

---

[1] This case was originally assigned to Magistrate Judge Stephen Crocker. But the case was dismissed before the parties consented to magistrate jurisdiction. I am assuming jurisdiction over the case for the purpose of issuing this order.

I will deny Grant's Rule 60 motion because he has not provided a legitimate reason for the court to reopen his case from 2008. Even if Grant attempted to file a new case about Barth's more recent actions, this court cannot interfere with the state court's retraining order. Any attempts to bring federal claims against Barth would likely have the same problems as his original claims against her. And Grant generally remains barred from proceeding with new cases until he pays off the large debt he owes for filing fees for the cases and appeals he previously filed. The only case-initiating documents he may file are habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm. *See Grant v. Gill*, No. 15-cv-420-jdp, 2016 WL 80676 (W.D. Wis. Jan. 7, 2016). Neither his original nor his new allegations against Barth fit into these categories.

ORDER

IT IS ORDERED that plaintiff James Edward Grant's motion or relief from judgment under Federal Rule of Civil Procedure 60, Dkt. 25, is DENIED.

Entered July 19, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge